GARRISON, Judge.
In this appeal from a judgment awarding him worker’s compensation benefits for a four-week total disability, plaintiff contends that the trial judge erred in failing to award him benefits for permanent total disability. The sole issue is whether the aggravation of plaintiff’s pre-existing grade one spondylolisthesis, for which he was hospitalized and continues to suffer, was caused by his work-related accident or by a subsequent auto collision in which he was involved. We affirm.
On August 24, 1976, plaintiff injured his back by loading a truck in the course and scope of his employment. Dr. David Vial diagnosed his injury as a lumbar sprain, noting that plaintiff had an underlying back defect. After a one-week course of treatment of therapy and medication, Dr. Vial discharged plaintiff and told him he could return to work. Plaintiff neither returned to work nor consulted another doctor, although he testified at trial that his back continued to hurt him after his discharge.
*955 On September 20, 1976 plaintiff was involved in an automobile collision. He claims he injured only his neck in that accident. He testified that his back pain after the auto accident was the same as it had been before. (Dr. Raul Reyes, however, testified in deposition plaintiff had told him his back had been hurting more ever since the collision.)
On September 23, 1976, Dr. Raul Reyes examined plaintiff at West St. James Hospital. Dr. Reyes had plaintiff admitted to the hospital for two weeks of treatment, and plaintiff continued under Dr. Reyes’ care for some time afterward. In his deposition, Dr. Reyes testified that plaintiff had a pre-existing grade one spondylolisthesis aggravated by trauma. Although Dr. Reyes thought either accident could have aggravated the pre-existing defect, he concluded the auto accident was the major factor since he did not examine plaintiff after the work accident and Dr. Vial had discharged plaintiff after one week.
In December 1976 plaintiff was examined by Dr. Raymond Kitziger. Dr. Kitziger testified in deposition that plaintiff gave him a history only of being hurt on the job in August 1976, but made no mention of a September auto accident. Bearing in mind the subsequent auto accident, Dr. Kitziger concluded the most likely cause of plaintiff’s continued pain was the collision, assuming plaintiff had been asymptomatic following his August 31 discharge. Dr. Kit-ziger said, however, he would attribute the pain to the work accident if the back pain had continued after August 31 and was unchanged by the collision.
Plaintiff was seen in January 1977 and twice thereafter by Dr. Bernard Manale. In his deposition, Dr. Manale testified plaintiff told him specifically that he had not injured his back in the auto accident, but only his neck. Dr. Manale initially stated the aggravation of plaintiff’s underlying spondylolisthesis was from the trauma of lifting an object. After being told at the deposition that plaintiff had been discharged by his doctor one week after the accident, however, Dr. Manale concluded that plaintiff’s problems must be related to the auto accident.
The trial judge concluded, “The preponderance of the medical evidence points to the automobile-truck accident of September 20, 1976 as the cause for plaintiff’s continued complaints of back injury.” This is a factual finding based on the trial judge’s evaluation of the weight of the testimony and the credibility of the witnesses. Plaintiff has failed to show, and we do not find, that the judge was clearly wrong in his conclusion. Absent a finding of manifest error, we must affirm. Canter v. Koehring Co., 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Despite plaintiff’s discharge by Dr. Vial after only a week, the trial judge awarded plaintiff compensation benefits from August 24th up to the date of the auto accident, thus giving him the benefit of the doubt. Although defendant contends plaintiff’s work-related injury was of only one week’s duration, defendant has not appealed the trial judge’s award of four weeks. In light of the testimony, which could have been interpreted either way, we find the award to be an eminently fair disposition of the claim, which could equally as well been limited to one week’s benefits.
For the foregoing reasons, the judgment of the trial court is affirmed.

AFFIRMED.